## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 2013CV02127

**CITIZEN AWARENESS PROJECT, INC.**
700 17th Street, Suite 2000
Denver, CO 80202

      Plaintiff,

v.

**INTERNAL REVENUE SERVICE,**
**AN AGENCY OF THE UNITED STATES**
**OF AMERICA**
1111 Constitution Avenue NW
Washington, DC 20224,

**UNITED STATES OF AMERICA**
John F. Walsh
U.S. Attorney, District of Colorado
1225 17th Street, Suite 700
Denver, CO 80202

Eric H. Holder
Attorney General for the United States
Department of Justice
Room B-103
950 Pennsylvania Avenue NW
Washington, DC 20530-0001,

      Defendants.

---

### AMENDED VERIFIED COMPLAINT AND JURY DEMAND

---

Plaintiff, Citizen Awareness Project, Inc. ("CAP"), by and through its counsel, John S

Zakhem, John L. Skari, Jr. and Jason Torchinsky, hereby petitions this Court for a judgment against Defendants the Internal Revenue Service ("IRS"), an agency of the United States of America, and the United States of America, on personal knowledge as to those matters with which Plaintiff was personally involved, and on information and belief as to all other matters, as follows:

## Introduction

1.  This action arises out of Defendants' release to a New York-based organization called ProPublica of Plaintiff's then pending application for recognition of its tax exempt status as a 501(c)(4) non-profit organization.

2.  Plaintiff's application for tax-exempt status was filed with the IRS on October 12, 2012. Defendant IRS took nine months to approve Plaintiff's application, which was finally approved by letter to Plaintiff dated July 25, 2013.

3.  Sometime during the fall of 2012, ProPublica filed a request with the Defendants seeking access to any public records related to Plaintiff.

4.  On or about November 28, 2012, the Defendants sent a copy of the Plaintiff's still pending application for determination to ProPublica.

5.  On or about December 17, 2012, Defendants notified Plaintiff's counsel that the pending application may have been illegally or improperly released.

6.  On or about December 27, 2012, ProPublica contacted Plaintiff to ask questions about the content of the pending application.

7.  On or about May 13, 2013, ProPublica published on its website an article entitled "IRS Office That Targeted Tea Party Also Disclosed Confidential Docs From Conservative Groups" which analyzed Plaintiff's still pending IRS application.

2

8.   On or about February 25, 2013, Defendant IRS's counsel contacted Plaintiff's counsel to confirm that Plaintiff's still pending application for determination had been illegally or improperly released to ProPublica.

9.   ProPublica's report about Plaintiff's release of information and targeting was reposted by other media outlets including the Daily Caller and other Colorado based media outlets.  This has resulted in adverse publicity for the organization as one of the victims of the IRS targeting scandal.

10. This presentation by ProPublica of the tax return information provided to it by Defendants harmed the reputation of Plaintiff and its board members and potentially resulted in additional scrutiny of the organization from Defendant IRS.

11. Plaintiff has faced harm to its reputation, been harmed in its ability to raise additional money from prospective donors, and incurred significant costs associated with its public relations and legal defenses connected with the improper release of tax return information by Defendants.

12. Plaintiff brings this action pursuant to 26 U.S.C. § 7431 against the United States of America for the recovery of statutory and/or actual and punitive damages caused by Defendant's willful, unauthorized inspection and disclosure of Plaintiff's confidential tax return information in violation of 26 U.S.C. § 6103.

13. Plaintiff brings this action pursuant to 26 U.S.C. § 7431 against the IRS, an agency of the United States of America, for the recovery of statutory and/or actual and punitive damages caused by Defendant's willful, unauthorized inspection and disclosure of Plaintiff's confidential tax return information in violation of 26 U.S.C. § 6103.

**Jurisdiction and Venue**

14. This Court has jurisdiction under 26 U.S.C. § 7431(a) and 28 U.S.C. § 1331 (federal question jurisdiction).

15. Venue is appropriate in this district under 26 U.S.C. § 7431(a).   Venue is also appropriate under 28 U.S.C. § 1391(e)(1)(B) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

16. Defendant United States of America is a proper defendant pursuant to 26 U.S.C. § 7431(a)(1).

17. Defendant IRS is a proper defendant as an agency of the United States of America, pursuant to 26 U.S.C. § 7431(a)(1).

18. This action is being brought within two years after the date of discovery by Plaintiff of the unauthorized inspections described herein as required by 26 U.S.C. § 7431(d).

**The Parties**

19. Plaintiff Citizen Awareness Project, Inc. is a not-for-profit corporation duly created on June 21, 2012, and validly existing under the laws of Colorado.

20. Defendants are the United States of America and the Internal Revenue Service, an agency of the United States of America.

**Factual Allegations**

21. On June 21, 2012, Plaintiff was duly created as a non-profit corporation under the laws of Colorado.

22. On October 12, 2012, Plaintiff filed a Form 1024 Application for Recognition of Exemption as a Section 501(c)(4) organization.

23. On or about December 17, 2012, Plaintiff's counsel was notified by telephone by

4

Defendants' employee Meghan Biss of the Washington, DC office of the Exempt Organizations Division of the Internal Revenue Service that its Form 1024 application "may" have been released to ProPublica on or about November 28, 2012.

24. On December 27, 2012, Plaintiff was contacted by ProPublica asking questions about its Form 1024 application based on the information released to it by Defendants.

25. On January 2, 2013, ProPublica published an article analyzing various disclosed applications, all from conservative organizations, entitled "Controversial Dark Money Group Among Five That Told IRS They Would Stay Out of Politics, Then Didn't," and posted a copy of some Form 1024 applications on its website.

26. On May 13, 2013, in an article entitled "IRS Office That Targeted Tea Party Also Disclosed Confidential Docs From Conservative Groups," ProPublica confirmed that the IRS disclosed Plaintiff's confidential application to ProPublica on or about November 28, 2012, along with approximately thirty (30) other conservative organizations' applications, nine of which were not yet approved.

27. The information released by the Defendants to ProPublica constituted tax return information pursuant to 26 U.S.C. § 6103.

28. On or about February 25, 2013, Defendant IRS's counsel provided additional information to Plaintiff by telephone confirming that the tax return information had in fact been illegally or improperly released to ProPublica.

29. As a result of the release of this tax return information, Plaintiff suffered actual damages in the form of significant harm to its reputation.

30. As a result of the release of this tax return information, Plaintiff suffered actual damages to its ability to raise additional money from donors.

31. As a result of the release of this tax return information, Plaintiff incurred actual damages in the form of legal costs associated with its communications with the Internal Revenue Service, ProPublica, and media inquiries.

32. Defendant IRS has since granted Plaintiff's Form 1024 Application for Recognition of Exemption as a Section 501(c)(4) organization.

## COUNT I

### Violation of 26 U.S.C. § 7431

33. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

34. 26 U.S.C. § 6103 provides that tax "[r]eturns and return information shall be confidential" and prohibits disclosure and inspection by United States employees except as provided for by this provision.

35. 26 U.S.C. § 7431 provides taxpayers a cause of action for damages against the United States for knowing or negligent unauthorized inspection of tax return information in violation of 26 U.S.C. § 6103.

36. "Return information" is defined very broadly to include:

(A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense,

(B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110[.]

6

26 U.S.C. § 6103(b)(2)(A)-(B).

37. All information furnished by Plaintiff to the IRS is "return information" not subject to public inspection until such time as Plaintiff receives a written determination with respect to its tax status, pursuant to 26 U.S.C. § 6110(a).

38.    Release of such tax return information, whether intentionally or as a result of negligence, constitutes a violation of 26 U.S.C. § 7431(a)(1).

39. Such inspections did not result from a "good faith, but erroneous interpretation of section 6103" under 26 U.S.C. § 7431(b)(1) and were not requested by the taxpayer, Plaintiff, under 26 U.S.C. § 7431(b)(2).

40. The same personnel involved with the release of Plaintiff's tax return information have previously - in writing - denied access to other requesters who sought similar documents with respect to other groups whose applications were pending.

**Damages**

41. 26 U.S.C. § 7431 authorizes damages equal to the sum of:

(1) the greater of—

(A) $ 1,000 for each act of unauthorized inspection or disclosure of a return or return information with respect to which such defendant is found liable, or

(B) the sum of--

(i) the actual damages sustained by the plaintiff as a result of such unauthorized inspection or disclosure, plus

(ii) in the case of a willful inspection or disclosure or an inspection or disclosure which is the result of gross negligence, punitive damages, plus

(2) the costs of the action, plus

(3) in the case of a plaintiff which is described in section 7430(c)(4)(A)(ii), reasonable attorneys

fees, except that if the defendant is the United States, reasonable attorneys fees may be awarded

only if the plaintiff is the prevailing party (as determined under section 7430(c)(4)).


42. The number of unauthorized inspections of Plaintiff's return information cannot be

completely and accurately ascertained at this time, but will be more fully known after the

completion of discovery.

43. At minimum, Defendants United States of America and its agency, IRS, are liable for

$1,000 for each unauthorized inspection by employees of the United States.

44. Defendants' conduct has caused Plaintiff to incur actual damages in the form of harm

to its reputation, harm to its fundraising ability, and direct costs for legal and public relations

responses related to the release of this tax return information.

45. WHEREFORE, Plaintiff prays for the relief set forth below.

**Prayer for Relief**

Plaintiff respectfully requests the following relief:

1.   Award Plaintiff $1,000 in damages for each unauthorized inspection or disclosure of

its tax return information;

2.   Award Plaintiff actual damages for harm to its reputation and fundraising ability;

3.   Award Plaintiff actual damages for legal and public relations costs incurred as a result

of the release of the tax return information;

4.   Award Plaintiff punitive damages;

5.   Award Plaintiff costs and reasonable attorney fees; and

6.   Award such other relief as the Court deems just.

Respectfully submitted this 8th day of August, 2013.

**PLAINTIFF HEREBY DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

By: /s/ John S. Zakhem (original signature on file)
/s/ John L. Skari, Jr. (original signature on file)
John S. Zakhem, Esq.
John L. Skari, Jr., Esq.
Zakhem Law, LLC
700 17th Street, Suite 2000
Denver, Colorado 80202
Telephone: (303) 228-1200
FAX: (303) 228-1210
E-mail: jzakhem@zakhemlaw.com
E-mail: jskari@zakhemlaw.com
Attorneys for Plaintiff Citizen Awareness Project, Inc.

By: /s/ Jason Torchinsky (original signature on file)
Jason Torchinsky, VA #47481, DC #976033
Shawn Sheehy, VA #82630
HOLTZMANVOGELJOSEFIAK PLLC
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
Telephone: 540.341.8808
Fax: 540.341.8809
E-mail: jtorchinsky@hvjlaw.com
E-mail: ssheehy@hvjlaw.com
Attorneys for Plaintiff Citizen Awareness Project, Inc.

Plaintiff:

CITIZEN AWARENESS PROJECT, INC.
700 17TH STREET, SUITE 2000
DENVER, CO 80202

VERIFICATION

I SWEAR (OR AFFIRM) UNDER THE PENALTIES FOR PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING STATEMENTS CONCERNING THE CITIZENS AWARENESS PROJECT FOUND IN THIS COMPLAINT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND UNDERSTANDING.

Dated this 8th Day of August, 2013.

_____
Charlie Smith
Chairman
Citizens Awareness Project, Inc.
700 17th Street, Suite 2000
Denver, CO 80202