IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLORADO

| | |
|---|---|
| CITIZEN AWARENESS PROJECT, INC., ) | |
|     Plaintiff, ) | Case No. 1:13-cv-02127-WJM-BNB |
| ) | |
| v. ) | |
| ) | |
| INTERNAL REVENUE SERVICE, and ) | |
| UNITED STATES OF AMERICA, ) | |
|     Defendants. ) | |
|                                                 ) | |

## **ANSWER**

The United States of America, by and through undersigned counsel, hereby answers the allegations set forth in Plaintiff's Amended Verified Complaint and Jury Demand. To the extent any allegation in the complaint is not specifically admitted, it is denied.

### FIRST DEFENSE

The United States of America is the only proper defendant. The express language of 26 U.S.C. § 7431 authorizes suit only against the United States of America, not its agencies or employees.

### SECOND DEFENSE

Plaintiff is not entitled to a jury trial for an action arising under 26 U.S.C. § 7431(a).

### THIRD DEFENSE

The United States responds to the numbered allegations in Plaintiff's complaint as follows:

1. Admits.

2. Admits.

3. Admits that, in November 2012, ProPublica submitted a request to the IRS for copies of Forms 1024, Applications for Recognition of Exemption Under Section 501(a), for 67 nonprofit organizations, including Plaintiff, but denies that ProPublica requested access to "any public records related to Plaintiff."

4. Admits.

5. Admits that on that date a representative of the Internal Revenue Service notified Plaintiff's counsel that Plaintiff's pending application may have been disclosed in an unauthorized manner but denies the remainder of the allegations in this paragraph.

6. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6.

7. Admits that ProPublica published the referenced article on May 13, 2013, which mentions Plaintiff's pending application, but denies that the article analyzed the application.

8. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 8.

9. Admits that information contained in ProPublica's report was reposted by other media outlets but denies the remaining allegations in paragraph 9.

10. Denies that the ProPublica's report resulted in "additional scrutiny" from the IRS and lacks sufficient knowledge or information to admit or deny the allegations concerning Plaintiff's reputation.

11. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11.

12. Admits that Plaintiff brings this action pursuant to 26 U.S.C. § 7431 and that there was an unauthorized disclosure of Plaintiff's tax return information but denies that the disclosure was willful. Also denies that Plaintiff is entitled to actual and punitive damages and denies the remainder of the allegations contained in this paragraph.

13. Admits that Plaintiff brings this action pursuant to 26 U.S.C. § 7431 and that there was an unauthorized disclosure of Plaintiff's tax return information but denies that the disclosure was willful. Also denies that Plaintiff is entitled to actual and punitive damages and denies the remainder of the allegations contained in this paragraph. Moreover, this action is only properly brought against the United States of America.

14. Admits the Court has jurisdiction.

15. Admits that venue is proper.

16. Admits.

17. Denies.

18. Admits.

19. Admits.

20. Admits but denies that the Internal Revenue Service is a proper party.

21. Admits.

22. Admits.

23. Admits.

24. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24.

25. Admits that ProPublica published the referenced article and that some Form 1024 applications were posted.

26. Admits.

27. Admits.

28. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 28.

29. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29.

30. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30.

31. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 31.

32. Admits.

33. Restates its responses to paragraphs 1-32 of the complaint.

34. Admits.

35. Admits.

36. Admits that paragraph 36 accurately quotes 26 U.S.C. § 6103(b)(2)(A)-(B).

37. Admits that the Form 1024 was return information, which was not subject to public inspection until such time as Plaintiff received a written determination with respect to its tax status.

38. Admits.

39. Denies that there were unauthorized inspections in this matter but admits that the one unauthorized disclosure to ProPublica did not result from a "good faith, but erroneous interpretation of section 6103" and was not requested by Plaintiff.

40. Admits.

41. Admits.

42. Denies. There was only one improper disclosure in this matter. There were no improper inspections.

43. Admits that the United States is liable for $1,000 for one unauthorized disclosure but denies that the United States is liable for any unauthorized inspections.

44. Lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44.

WHEREFORE, having answered, the United States requests that the Court grant such relief as is just and appropriate.

Dated: October 9, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General

*/s/ Mara A. Strier*
MARA A. STRIER
PAUL A. ALLULIS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 11498
Ben Franklin Station
Washington, D.C. 20044
Telephone:
    (202) 514-5886 (Strier)
    (202) 514-5880 (Allulis)
Facsimile: (202) 514-9868
mara.a.strier@usdoj.gov
paul.a.allulis@usdoj.gov

JOHN F. WALSH
United States Attorney
Of Counsel

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Answer has been made this 9th day of October, 2013, through filing with the Court's electronic filing system, on the following:

John S. Zakhem
John L. Skari, Jr.
Zakhem Law, LLC
700 17th Street, Suite 2000
Denver, Colorado 80202
E-mail: jzakhem@zakhemlaw.com
E-mail: jskari@zakhemlaw.com
Attorneys for Plaintiff

Jason Torchinsky
Shawn Sheehy
HOLTZMANVOGELJOSEFIAK PLLC
45 North Hill Drive, Suite 100
Warrenton, Virginia 20186
E-mail: jtorchinsky@hvjlaw.com
E-mail: ssheehy@hvjlaw.com
Attorneys for Plaintiff

*/s/ Mara A. Strier*
MARA A. STRIER
Trial Attorney, Tax Division
U.S. Department of Justice